## Disco Sales & Service, Inc., v. Behm et al.

*Walter H. Compton* and *Henry E. Harner*, for plaintiff.

*Frank R. Hean*, for defendants.

RUPP, P. J., April 25, 1949.—This matter comes before us on an affidavit of defense in the nature of a demurrer to a scire facias sur mechanic's lien.

Defendants demurred on the ground that the scire facias improperly states that they are the "owners or reputed owners" of a certain tract of land situated in Swatara Township, Dauphin County, Pa., on which is erected a restaurant building, and against which a mechanic's lien claim for the sum of $816.58 has been filed; that the premises are owned by the Eastern Real Estate Company, a subsidiary of The Reading Com-

pany, and defendants are merely the lessees of the land on which they erected the building, and that upon the termination of the lease defendants have the privilege of removing all equipment, materials, improvements and structures owned or placed by them on the premises.

It is the contention of defendants that under the foregoing circumstances they are not the owners of the land or the building, and that any interest which they may have in the premises cannot be made the subject of a mechanic's lien; wherefore the lien should be stricken off.

Section 1 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §2, as amended, defines the word "owner" as follows:

"The word 'owner' means an owner in fee, a tenant for life or years; or one having any estate or interest in the property described in the claim. . . ."

And the word "property" as follows, 49 PS §6:

"The word 'property' means the estate in fee; the freehold, leasehold or other estate or interest therein, with the structure or other improvement thereon, and the fixtures and other personal property used in fitting up and equipping the same for the purpose for which it is intended; all of which belong to the owner, and against which the claim is filed as a lien."

From the foregoing it is apparent that defendants were properly designated as owners and that their interest in the leasehold and the structure erected thereon is a proper one against which to file a lien.

Accordingly, the demurrer cannot be sustained and judgment must be entered for plaintiff for want of a sufficient affidavit of defense.

And now, April 25, 1949, judgment is hereby entered in favor of plaintiff and against defendants in the sum of $816.58, together with interest from March 24, 1948, for want of a sufficient affidavit of defense.